WESTERN DIST.
September, 1836.

ANDERSON
vs.
CADE ET AL.

ANDERSON vs. CADE ET AL.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

The appeal must be dismissed when there is no appeal bond taken in favor of the appellee.

Where the warrantors have assumed the defence of the action instituted against the defendant, and judgment is rendered in favor of the plaintiff, against the defendant, and for the latter against the warrantors: *Held*, that the plaintiff must be made a party to the appeal, in order that the judgment between the defendant and warrantors may be revised on the appeal.

WESTERN DIST. This case came before the court on a motion to dismiss
September, 1836. the appeal.

ANDERSON     The plaintiff obtained judgment for five hundred and
*vs.*
CADE ET AL. sixty-seven dollars against the defendant, Cade, and that a
certain slave, which the latter had purchased from John
Compton and Joseph Walker, as executors of an estate,
should be seized and sold to pay said judgment.

Cade cited Compton and Walker in warranty, and had
judgment over against them for the value of the slave,
from which he was evicted. They appealed.

The appeal bond was only executed to the defendant,
Cade, although the attornies of the plaintiff acknowledged
service of the petition and waived citation of the appeal.

*C. Voorhies,* for the plaintiff, moved to dismiss the appeal,
because the appeal bond was not made payable or in favor
of the plaintiff and appellee.

*Brownson,* for the defendant, joined in the motion made
by the plaintiff's attorney, because it was impossible to try
the case on its merits, as between all the parties. If the
defendant's judgment against the warrantors is to be called
in question, he must have the right, at the same time, to
resist the judgment of the plaintiff against him.

*Lewis,* for the warrantors, contended that the judgment
was erroneous as respects them, because it was rendered
against them personally, instead of being in their representa-
tive capacity as executors.

2. The correction of the judgment was only required as
respects the defendant. He alone is concerned as to the
judgment between him and the warrantors. It does not
affect the plaintiff.

*Martin, J.,* delivered the opinion of the court.

The defendant, in this case, having called his vendors in
warranty, they came in and contested the plaintiff's right to
the slave, sought to be made subject to his mortgage, and

also that of the defendant against them as warrantors. They are now appellants from the judgment which supports the plaintiff's claim, and *that* of the defendant against them in warranty.

WESTERN DIST.
*September*, 1836.

ANDERSON
*vs.*
CADE ET AL.

The plaintiff and appellee has prayed the dismissal of the appeal, on account of the absence of any appeal bond in his favor; this being the case, the motion to dismiss, as to him, must prevail.

*The appeal must be dismissed when there is no appeal bond taken in favor of the appellee.*

This party being thus out of court through the *laches* of the appellants, they still insist on the reversal of the judgment obtained by the defendant against them, not on account of the absence of any right in the plaintiff to the slave in question, but on account of the absence of any right in the defendant against them as warrantors, because the sale at which he acquired the slave was effected by them *in autre drôit, i. e.*, as representatives of a succession.

The vendors might have avoided contesting the claim of the plaintiff on the slave, and contented themselves with denying their liability in warranty. They have, however, thought it safer to assume the defence of their vendee, and thus relieve him from the necessity of undertaking it himself. It is useless to inquire whether, on failing in the attempt to defend him, they were bound to contest the plaintiff's claim before this court; they have made their election, and the defendant was informed of it by the citation, which made him and the plaintiff both appellees. Had this been otherwise, the defendant must have considered whether it was his interest to suspend his right or the judgment he had obtained against his vendors, by appealing from *that* of the plaintiff, decreeing the sale of the slave, which was the basis of his own.

*Where the warrantors have assumed the defence of the action instituted against the defendant, and judgment is rendered in favor of the plaintiff against the defendant, and for the latter against the warrantors: Held, that the plaintiff must be made a party to the appeal, in order that the judgment between the defendant and warrantors may be revised on the appeal.*

He was relieved from this consideration by the conduct of his vendors, who, having undertaken his defence in the court below, determined on continuing it in this. Through their own *laches*, it now appears that the error, which they allege the District Court committed, cannot be corrected.

Their appeal being now dismissed, as to the plaintiff, and the year having elapsed, the defendant cannot appeal. The

WESTERN DIST. judgment is, therefore, final both against the defendant and
September, 1836. the appellants, through the *laches* of the latter.    Can they
DELAHOUSSAYE'S now be heard in disclaiming any interest in a defence which
HEIRS *vs.* they have assumed, and thereby relieved the defendant from
BIENVENU ET AL. the obligation of undertaking?   It appears to us it is now
too late.   In undertaking to defend their vendee in both
courts, if they have not waived any exemption from the
obligation of doing so, resulting from the character in which
they effected the sale, they have incurred the obligation to
indemnify him from the consequences of their negligence.

The appeal must, therefore, be dismissed.