PROVOSTY, J.
The Southern Development Company brought a petitory action against A. Y. Dubroca. The latter called in warranty his vendor, the New Orleans Pacific Railway Company. This last excepted peremptorily to the call in warranty, alleging that the sale had been made with exclusion of warranty and at the purchaser’s risk and peril, he knowing the danger of eviction. The warrantor did not stop there, however, but went on and pleaded that, in case the peremptory exception was overruled, then it joined in and adopted as its own the defendant’s answer to the plaintiff’s suit. On the main demand there was judgment in favor of plaintiff against defendant; and on the demand in warranty there was judgment in favor of the defendant against the warrantor condemning the latter to restore the price. From the latter judgment the warrantor appealed. It did not appeal from the judgment in favor of plaintiff and against defendant. The appeal was by petition, and was limited strictly to the judgment rendered on the warranty. The plaintiff was not asked to be cited, and was not cited; defendant alone was cited. On motion, the Court of Appeal dismissed the appeal for want of proper parties, holding that the plaintiff in the main action was a necessary party to the appeal.
The matter before the court involved two litigations or cases — one between the plaintiff and the defendant, namely, the petitory action; one between the defendant and the warrantor, namely, the call in warranty. There were really two judgments — one in favor of plaintiff against defendant, and one in favor of defendant against the warrantor. The two were not interdependent, or necessarily so connected that one could not be right and the other wrong, one stand and the other fall. The second (that in favor of the defendant against the warrantor) was dependent upon the first (in favor of plaintiff against the defendant); but the converse was not true; the first was not dependent upon the second. It could well stand while the other fell. It could be perfectly right, and the other wrong. Such being the case, we do not see why the warrantor could not appeal from the judgment in favor of the defendant without appealing from the judgment in favor of the plaintiff. It might well be that the judgment in favor of the plaintiff was so evidently correct as to make an appeal from it morally wrong, and subject the appellant to damages as for a frivolous appeal; whereas that in favor of the defendant might at the same time be so palpably wrong as to be sure of reversal on appeal. We do not see why the warrantor could not appeal from the second judgment alone, and have nothing to say with reference to the other. And that is what it did. It limited its appeal strictly to the judgment in favor of the defendant. To that judgment the plaintiff was not only not a necessary party, but was not a party at all. It was, therefore, not necessary to cite this plaintiff, and the dismissal of the appeal for failure to do so was error.
There is nothing opposed to this in the case of Anderson v. Cade, 10 La. 269. In that case the warrantor, who had taken upon himself the defense of the suit, appealed from the judgment as a whole — that is to say, both in so far as it condemned the defendant and as it condemned himself; but he failed to perfect the appeal as against the plaintiff by giving bond, so that the appeal remained exclusively against the defendant, who himself had not appealed. The appeal was dismissed, the court holding that by appealing the whole case the warrantor had led the defendant to believe that on the appeal he was going to continue to defend the whole suit; and that having, by appealing from the whole judgment, elected to defend the whole suit on the appeal, as he had done in the lower court, he *993 could not shift his position, and defend only the suit against himself, thus doing an injustice to the defendant. That this was the sole ground of the dismissal of the appeal fully appears from the reasons of the court, which are as follows:
“The vendors might have avoided contesting the claim of the plaintiff on the slave, and contented themselves with denying their liability in warranty. They have, however, thought it safer to assume the defense of their vendee, and thus relieve him from the necessity of undertaking it himself. It is useless to inquire whether, on failing in the attempt to defend him, they were bound to contest the plaintiff’s claim before this court. They have made their election, and the defendant was informed of it by the citation, which made him and the plaintiff both appellees. Had this been otherwise, the defendant must have considered whether it was his interest to suspend his right on the judgment he had obtained against his vendors by appealing from that of the plaintiff, decreeing the sale of the slave, which was the basis of his own. He was relieved from this consideration by the conduct of his vendors, who, having undertaken his defense in the court below, determined on continuing it in this. Through their own laches it now appears that the error which they allege the district court committed cannot be corrected. Their appeal being now dismissed as to the plaintiff, and the year having elapsed, the defendant cannot appeal. The judgment is, therefore, final both against the defendant and the appellants, through the laches of the latter. Oan they now be heard in disclaiming any interest in a defense which they have assumed, and thereby relieved the defendant from the obligation of undertaking? It appears to us it is now too late. In undertaking to defend their vendee in both courts, if they have not waived any exemption from the obligation of doing so resulting from the character in which they effected the sale, they have incurred the obligation to indemnify him from the consequences of their negligence.”
In the instant case the warrantor carefully avoided doing what in that case was made the basis of the judgment of the court in dismissing the appeal. He distinctly restricted his appeal to the judgment on the warranty, thereby giving the defendant full warning that the judgment on the main demand was to be left to stand, and affording defendant full opportunity to prosecute a separate appeal if he thought advisable to take one.
The judgment of the Court of Appeal dismissing the appeal is set aside, and the ease is remanded to be proceeded with according to law.